WeldoN, J.,
delivered the opinion of the court:
The controversy in this case arises on the claim for injuries to the person of the claimant, committed by the Indians at the time of the commission of the depredation to the property as set forth in the findings. It is insisted by counsel for the claimant that by the act of 1891, under which the suit was brought and upon which it is now pending, she has a right to recover large damage for the grievances set forth in finding in, embracing as it does the most horrible outrages that could have been perpetrated upon the person of an individual; while the counsel for the defendants insists that for such a wrong, horrible though it is, there is no right of recovery in this proceeding.
It is conceded by claimant that for the death of her husband there is no right of recovery; but that for injuries to herself she has a remedy and a right under the act of 1891, conferring jurisdiction on this court (1 Supp. B. S., 2d ed., p. 913).'
The conclusion of law evolved by the court from the findings gives the claimant a judgment for the amount of the property taken, to wit, $816, but denies her compensation for the personal injury.
In the oral discussion, and in the respective brief of counsel on either side, our attention has been called to the different statutes of the United States on the subject of Indian depredations and to the treaties of May 26,1866 (14 Stat. L., p. 717), and August 25,1868 (15 Stat. L., p. 581); but in the view we have taken of the legal rights of the parties, it is not necessary that we should examine all of the statutes or the treaties which have been entered into by the United States and the defendant Indians.
The first question we must determine is the jurisdiction of the court, under the act of 1891, as to the subject-matter in dis *226 pute between the parties. If that is determined adverse to the contention and rights of the claimant the provisions of the statute and the obligations of treaties become and are immaterial
Since the inception of the litigation under the act giving this court jurisdiction many questions of jurisdiction have arisen and have been determined by this and the Supreme Court.
In the case of Friend v. The United States and the Comanche Indians (29 C. Cls. R., 425) the question of jurisdiction arose by the contention of the claimant for damages for a grievance similar to the gravamen of this case, in which it was held, in a clear and elaborate opinion by Chief Justice Richardson, that under the act of 1891 this court has no jurisdiction to claims growing out of personal injuries, and that the jurisdiction of the court was limited to claims growing out of and dependent upon depredations to property. Not only is this so, but.in further limitation of the jurisdiction of the court we have decided at the present term in the case of Price v. United States and the Osage Indians (ante p. 106) that the defendants are not liable for consequential damages, and that there must be either a taking or destruction of property before a liability attaches to the defendant Indians and the United States.
The first clause of the statute in express language circumscribes the jurisdiction of the court to “claims for property * * * taken or destroyed by Indians,” and we have said in the Friend Case “that idea runs through all the rest of the statute.” But it is insisted that under the second clause there is an enlargement of jurisdiction including claims for personal injuries.
The first clause of the statute determines the quality of jurisdiction, and any claim deficient in any one of the elements of that quality falls without the jurisdiction of the court, and the party, however grievous his injury may be, is without a remedy; the second clause enlarges the quantity of jurisdiction by providing for cases which may have been the subject of determination or may have had a right of determination in the Interior Department.
The act of 1885, March 3, chapter 341 (23 Stat. L., 376), referred to in the second clause of the act of 1891, after providing an appropriation of $10,000 and directions to the Sec *227 retary of the Interior preparatory to his report to Congress, has the following provision:
“And the Secretary is authorized and empowered, before making such report, to cause such additional investigation to be made and such further testimony to be taken as he may deem necessary to enable him to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid, and by what tribe such depredations were committed ; and his report shall include his determination upon each claim, together with the names and residences of witnesses and the testimony of each, and also what funds are now existing or to be derived by reason of treaty or other obligation out of which the same should be paid.”
• By the provisions of that portion of the law the Secretary is empowered to cause an additional investigation “to enable him to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid.”
If it be conceded that the second clause of the act of 1891 was intended to enlarge the jurisdiction of the court in quality, it is clear from the language of the act of 1885 that the quality of jurisdiction as recognized by the first clause of the act of 1891 is the same that is provided in the act of 1885, As is said in the Friend Case, the “idea of property” runs through the whole scheme of jurisdiction intended to be conferred upon the Court of Claims.
In the passage of the act.of 1891 it was the intention and purpose of Congress to transfer (subject to°the provisions of the act) jurisdiction of all claims for Indian depredations, and to accomplish that purpose it is provided in the second clause in the enlargement of the jurisdiction in quantity that claims, notwithstanding they had been examined and allowed or disallowed, or might have been examined and allowed or disallowed, might be reinvestigated within the jurisdiction of this court; and in case neither party desired such investigation, but is content with the finding of the Interior Department, then the judgment maybe founded on the determination of the Department as an agreed case.
We do but reiterate the law established by the opinion of the court in the Friend Case in dismissing the petition so far as the same is applicable to the demand for damages for the personal injury to the plaintiff. Grievous though her suffering was and is, it comes within the domain of an injustice and wrong without a remedy.